UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVELINO SAMBADE, 151 AVENUE C DEVELOPMENT, LLC, and DAL DEVELOPMENT, LLC, | : : : : : |
| Plaintiffs, | : Civil Action No. 11-7589 (KM) (MAH) |
| v. | : : |
| BARBERI CONSTRUCTION, LLC, ANTONIO BARBERI, PETER RINALDI and JOHN DOES 1-10, | : : : REPORT AND RECOMMENDATION |
| Defendants. | : : |

## I. INTRODUCTION

This matter comes before the Court by way of Defendant Antonio Barberi's motion to vacate default judgment. D.E. 58. Pursuant to Local Rule 72.1, the Honorable Kevin McNulty, United States District Judge, referred the motion to this Court for Report and Recommendation. The Court has considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court respectfully recommends that the District Court grant Defendant Antonio Barberi's motion to vacate default judgment.

## II. BACKGROUND

This matter arises from a billing dispute regarding the construction of a condominium project in Bayonne, New Jersey. Complaint, D.E. 1, ¶ 6. At all relevant times, Defendant Antonio Barberi was the alleged owner of Barberi Construction, a construction company based in New Jersey. *Id*. at ¶¶ 2-3. Plaintiffs 151 Avenue C and

1

DAL Development were development companies. *Id*. at ¶ 15. Plaintiff Avelino Sambade was their principal officer. *Id*. Plaintiffs allege that Defendants Antonio Barberi and Peter Rinaldi conspired to extort $61,000 from Plaintiff Sambade. Their efforts allegedly included arranging for an unnamed co-conspirator to attack Sambade with a baseball bat on December 30, 2009. Plaintiffs allege Defendants Antonio Barberi and Peter Rinaldi instructed the assailant to "strike fear" in Sambade. *Id*. at ¶¶ 7-8.

On December 16, 2016, the District Court entered default judgment for Plaintiff and against Defendants Antonio Barberi and Barberi Construction LLC, in the amount of $450,000. D.E. 46, 47. On November 17, 2017, Defendant Antonio Barberi filed the instant motion to vacate default judgment. D.E. 58. On December 4, 2017, Plaintiff filed opposition to the motion. D.E. 62.

### III.  DISCUSSION

Defendant Antonio Barberi moves to vacate the default judgment pursuant to Federal Rules of Civil Procedure 60(b)(4) and 60(d)(2). Rule 60 provides in pertinent part as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . the judgment is void.
>
> . . . .
>
> This rule does not limit a court's power to . . . grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action.

Fed. R. Civ. P. 60(b)(4), (d)(2).

Relying on Rule 60(b)(4), Defendant Antonio Barberi argues that Plaintiffs never effected proper service of the summons and complaint on him.  The proof of service states that on April 18, 2012, the process server, David Riccardi, effected service of process by leaving copies of the summons and complaint with "Pedro Barberi,"[1] at "defendant's dwelling house or usual place of abode with a person of suitable age and discretion residing therein."  Certification of Antonio Barberi, ("Barberi Cert."), Ex. A, D.E. 58-2; *see also* Verification of Christine E. Finnegan, Esq., Ex. D, D.E. 62-7.  The return of service itself does not provide the physical address at which Mr. Riccardi left the summons and complaint with Pietro Barberi for Antonio Barberi.  However, the summons provides the address: 260 Broadway, Bayonne, New Jersey 07002.  Barberi Cert., Ex. B, D.E. 58-2.  The summons for Defendant Barberi Construction provided the same address.  *Id.*, Ex. C, D.E. 58-2.  Defendant Antonio Barberi asserts, and Plaintiffs do not refute, that 260 Broadway, Bayonne, New Jersey was the business address for Barberi Construction LLC and Graziella Tile.  *Id.* ¶¶ 6-7.  Defendant Antonio Barberi also asserts, and Plaintiffs do not refute, that neither he nor his father ever resided at 260 Broadway.  *Id.* ¶¶ 8-9.  Defendant Antonio Barberi argues that because service was not proper, the default judgment entered again him is void because jurisdiction has not been established.

Plaintiffs argue that Defendant Antonio Barberi failed timely to move for relief under Rule 60(b) or 60(c), because he moved to vacate default judgment more than one year

---

[1] Defendant Antonio Barberi clarifies that "Pedro Barberi" is actually Pietro Barberi, the father of Antonio Barberi and the owner of Graziella Tile.  Certification of Antonio Barberi, D.E. 58-1, ¶¶ 5-6.

after the Court entered the judgment.  Plaintiffs' timeliness argument must fail.  Rule 60(c) states that "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or date of the proceeding."  In this case, Defendant Antonio Barberi seeks to vacate default judgment pursuant to Rule 60(b)(4), which does not fall under the one-year time limitation established under Rule 60(c).  However, even if the one-year requirement applied, it would not bar the motion.  The District Court entered default judgment against Defendant Antonio Barberi on December 16, 2016.  Antonio Barberi filed the instant motion to vacate on November 17, 2017, within the one year time limit required for Rule 60(b)(1)-(3).  Therefore Plaintiffs' timeliness argument is without merit.

Plaintiffs next vaguely argue that "there was no mistake, inadvertence, surprise, or excusable neglect."  Plaintiff's Brief in Opposition, D.E. 62, at 4.  They offer no additional explanation.  In any event, that argument fails because Defendant Antonio Barberi does not seek relief under Rule 60(b)(1).  He does not contend that his own mistake or inadvertence necessitates relief; he claims that Plaintiffs' failure to serve him renders the judgment void and thus warrants relief under Rule 60(b)(4). [2]

---

[2]  Plaintiffs also argue that "[t]he court must ask.  Why now?"  Plaintiffs then assert that Defendant Antonio Barberi is hiding assets and allowing his sons to use trucks and equipment owned by Barberi Construction.  Plaintiffs conclude that "it is pretty clear that Defendant Barberi Construction LLC sought to shield and hide assets from the bevy of judgments being brought against it; since Defendant Antonio Barberi was largely responsible-he stayed on as Barberi Construction."  Plaintiffs' Brief in Opposition, D.E. 62, at 3.

Plaintiffs' argument fails in the absence of adequate evidence to substantiate it.  The sole document on which Plaintiffs rely for this proposition is a May 22, 2013 amendment to the Certificate of Formation for Barberi Construction LLC.  Plaintiffs' Opposition Brief, Ex. G, D.E.

The Court finds good cause for granting Defendant Antonio Barberi's motion to vacate default judgment. It is well established that "[p]roper service of process is required to establish personal jurisdiction over a defendant. Without personal jurisdiction, the Court cannot enter default judgment." *Days Inns Worldwide, Inc. v. Hartex Ventures, Inc.*, No. 10-336 (WHW), 2011 WL 1211353, at *2 (D.N.J. Mar. 28, 2011) (internal citations omitted). "A default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside." *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.,* 756 F.2d 14, 19 (3d Cir. 1985); *see also Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 84–86 (1988) (holding that there is no requirement of a meritorious defense to vacate default judgment when service was defective).

In *Enobakhare v. Robert Wood Johnson University Hospital*, No. 16-1457, 2017 WL 1575597 (D.N.J. Nov. 6, 2017), the court denied a motion for default judgment against an individual defendant. In *Enobakhare*, plaintiff served the complaint and summons on an individual defendant and a defendant company by leaving copies with the manager of the business at the business's address. *Id* at *2. The court found that while this service was sufficient as to the defendant company, it was not proper service as to the individual defendant. The court noted that, pursuant to Federal Rule of Civil Procedure 4(e), "personal service requires direct delivery to the defendant in person." Further, the court stated that

---

62-10. That amendment appears to remove the other LLC members, leaving Defendant Antonio Barberi as the sole member of the LLC. However, the certificate was filed in May 22, 2013, more than three years before the District Court entered default judgment on December 16, 2016. By itself, Exhibit G falls well short of establishing that Defendant Antonio Barberi's motion to vacate default judgment is part of a larger effort to shield assets. And even if that were true, it does not alleviate Plaintiffs' obligation to effect proper service.

"[a]lthough a plaintiff may alternatively effectuate service to the defendant's dwelling or abode, 'delivering service to an employer's office is not delivery to an individual's dwelling place.'" *Id.* at *3 (quoting *Reddy v. MedQuist, Inc.,* 2009 WL 2413673, at *4 (D.N.J. Aug. 4, 2009)).

Contrary to Plaintiffs' argument, it is clearly established that a lack of proper service renders a default judgment void under Rule 60(b)(4). Just as in *Enobakhare*, Plaintiffs in this case effected service on Defendant Antonio Barberi by leaving the summons and complaint with Pietro Barberi, at the business offices for Graziella Tile and Barberi Construction. The return of service makes clear that process was not served directly on Defendant Antonio Barberi, and instead was left with Pietro Barberi. Further, the return of service, taken with the summons, make clear that the process server left the summons and complaint with Pietro Barberi not at Defendant Antonio Barberi's dwelling or usual place of abode, but at the business address of Barberi Construction and Graziella Tile. Indeed, Plaintiffs make no attempt to show that service was proper other than making a conclusory statement that he was personally served, which itself is contrary to the return of service. Therefore, as the *Enobakhare* Court determined, service on Defendant Antonio Barberi was deficient. Accordingly, personal jurisdiction was never established over him and the default judgment against Barberi cannot stand.

## IV.    CONCLUSION

For the foregoing reasons, the Undersigned respectfully recommends that the District Court grant Defendant Antonio Barberi's motion to vacate default judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). Accordingly, the Court need not reach Defendant Antonio Barberi's request to vacate default judgment under Rule 60(d)(2).

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Civil Rule 7.1(c)(2).


                                        *s/ Michael A. Hammer*
                                        **United States Magistrate Judge**


Date: May 3, 2018